

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-4679
Re: Authority of county to
eliminate from its tax
rolls items of delinquent
and insolvent taxes.

We acknowledge receipt of your letter of August 6, 1942, by
which you request the opinion of this department advising whether
or not a county is authorized to eliminate from its tax rolls
items of delinquent and insolvent taxes where the delinquent
taxpayer cannot be located and there is no property from which to
make the tax. Your letter reads as follows:

"We are at this time setting up a card record which will
enable us to carry a perpetual delinquent tax record.
Among the delinquent taxes which, however, are not a part
of the delinquent tax records are these delinquent taxes
known as insolvent taxes. Our question pertaining to these
taxes is as follows:

"The insolvent taxes as mentioned have dated back to
1919. In going over the records of these taxes, we find
a number of business concerns that have been liquidated
and are no longer in business. We also find a number of
individuals against whom personal property insolvent
taxes have been charged who have died or left this part
of the country and cannot be contacted. Could we as a
county determine by registered letter, or some other
process, that there is no one from whom the taxes could be
collected, submit our findings to the comptroller's
department and eliminate items from the tax rolls, or in
a few words, if it could be definitely proven that there
is no known person from whom this tax could be collected
- would we have any authority to ask that the records be
purged of these items?"

Article 7263 of Texas Revised Civil Statutes, 1925, provides that the tax collector shall make up a list of "delinquent or insolvent taxpayers" between April first and fifteenth of each year. It further provides, in detail, the manner in which such list shall be made up, and for the credit to which he shall be entitled by virtue of such list. Article 7264, R.C.S., 1925, provides that the delinquent taxes listed in accordance with Article 7263 shall be collected. It reads as follows:

"The allowance of an insolvent list to the collector in accordance with the provisions of the preceding article shall not absolve any taxpayer or property thereon from the payment of taxes; but the collector shall use all necessary diligence to collect the amounts due on the insolvent list after it is allowed, and report and pay over to the proper officers all amounts collected on the same."

Article 3, Section 55, of our Constitution reads as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at lease ten years."

Article 7336f, Vernon's Annotated Civil Statutes, provides that the collection of ad valorem taxes that were delinquent prior to December 31, 1919, is forever barred.

We find no authority in our statutes for the release or extinguishment of any ad valorem taxes due the State or county, which have become delinquent since December 31, 1919. On the contrary the Legislature has seen fit to make it the express duty of the tax collector to "use all necessary diligence to collect the amounts due on the insolvent list after it is allowed." Article 7264, supra. The Legislature has not the power to release nor may it authorize the release of such taxes unless they have been delinquent for a period of at lease ten years. Constitution, Article 3, Section 55, supra. It has not seen fit to bar the collection of such taxes as have become delinquent since December 31, 1919. Since this is true, and since the Legislature has expressly made it the duty of the tax collector to undertake collection of such insolvent taxes, we are persuaded that there is no authority for the procedure suggested in your letter, and that your question must be

answered in the negative.

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Fowler Roberts

By

Fowler Roberts
Assistant

FR:ej

APPROVED SEPTEMBER 12, 1942
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB, Chairman